# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
January 12, 2016 Session

## STATE OF TENNESSEE v. THOMAS A. ISBELL

**Appeal from the Circuit Court for Maury County**
**No. 22225     Stella L. Hargrove, Judge**

_____

**No. M2015-00587-CCA-R3-CD – Filed March 4, 2016**

_____

THOMAS T. WOODALL, P.J., concurring.

I concur in all portions of the majority opinion except the conclusion that the trial court did not violate the holding in *Mitchell v. U.S.*, 526 U.S. 314 (1999). In *Mitchell*, the Supreme Court held,

> By holding [the defendant's] silence against her in determining the facts of the offense at the sentencing hearing, the [trial court] imposed an impermissible burden on the exercise of the constitutional right against compelled self-incrimination.

*Id*. at 330.

As noted in the majority opinion, the trial court stated in open court when making her sentencing decision:

> [I]t is this Court's position that we never got the truth of what happened. We never got to the truth in this courtroom of *what happened to baby [M.I.]*.
>
> . . . .
>
> We don't know what happened, but *we know two people who know what happened and that would be [Defendant]* and the mother. The rest of us don't know.
>
> . . . .

*And so we don't know what happened, but [Defendant] does*. I was
hoping I might learn today, but I will not learn.

(emphasis added).

I am simply unable to agree that the trial court merely commented on Defendant's failure to accept responsibility for the victim's injury. The trial court stated that Defendant refused to tell *what happened*, and *not* that Defendant refused to *accept responsibility* for what happened. In my opinion the trial court violated the U.S. Supreme Court's holding in *Mitchell*.

However, Defendant has still failed to show that he is entitled to plain error review. He has failed to show that consideration of the error is required and necessary in order to do substantial justice. *State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000). Defendant received the minimum sentence for his conviction offense as a standard Range I offender. He was not eligible for a sentence alternative that did not mandate total incarceration. He was eligible to be considered for sentencing as an especially mitigated offender. However, even though Defendant was eligible, the trial court acted completely within its statutory discretion by not sentencing Defendant as an especially mitigated offender. *See State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Under *Bise*, Defendant's sentence as a standard offender is presumed reasonable. *Id*.

Accordingly, I agree that Defendant is not entitled to plain error review.

_____
THOMAS T. WOODALL, PRESIDING JUDGE